UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEJANDRO GOMEZ,<br><br>            Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Respondent. | 1:05-cv-00652-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 24)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 4, 2005. (Doc. 1).

DISCUSSION

A. Procedural Grounds for Motion to Dismiss

On April 27, 2007, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). (Doc. 24). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

1

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to Dismiss is based on the Court's continuing lack of personal jurisdiction over Respondent because of Petitioner's failure to comply with an order of the Court to amend his petition to name a proper respondent.  (Doc. 24).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Lack of Jurisdiction Over Respondent

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper

///

respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Here, on February 28, 2007, in the process of screening, the Court recognized that a jurisdictional issue was created by Petitioner's naming as Respondent "The People of the State of California."  Accordingly, the Court issued an order advising Petitioner of the above-mentioned defect in personal jurisdiction and ordering Petitioner to remedy that defect by submitting a motion within thirty days to amend the petition by naming a proper respondent over whom the Court had jurisdiction. (Doc. 21).  Petitioner never responded to the Court's order.

On April 27, 2007, Respondent filed the instant motion to dismiss, contending that Petitioner had failed to follow the Court's order to file a motion to amend the named respondent. (Doc. 24).  Thereafter, Petitioner, despite being on notice as to Respondent's motion to dismiss, never complied with the Court's order of February 28, 2007, and still has not, to date, complied with that order.  This is true despite the fact that Petitioner has, during that same time period, filed two motions requesting the appointment of counsel. (Docs. 28, 32).

As discussed in the order of February 28, 2007, Petitioner has named as Respondent the "The People of the State of California."  However, the State of California is not the warden of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is incarcerated at the California Correctional Institution, Tehachapi, California, and the proper respondent is the warden of that facility.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976).

C.  Failure To Comply With The Court's Order

In addition to the lack of personal jurisdiction over Respondent, the petition should also be dismissed for Petitioner's failure to comply with the Court's order.  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to

3

1 prosecute an action, failure to obey a court order, or failure to comply with local rules.  See e.g.,
2 Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule);
3 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with
4 an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th
5 Cir. 1987)(dismissal for failure to comply with court order).

6       In determining whether to dismiss an action for lack of prosecution, the Court must consider
7 several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
8 manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
9 disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.
10 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
11 Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest
12 in managing the docket weigh in favor of dismissal, as this case has been pending since May 4, 2005,
13 and the personal jurisdiction issue has remained unresolved for almost one year.  The Court cannot
14 hold this case in abeyance indefinitely while awaiting compliance by Petitioner.  The third factor,
15 risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury
16 arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,
17 Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
18 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
19 Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

20       A court's warning to a party that failure to obey the court's order will result in dismissal
21 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
22 Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The Court's order of February 28, 2007,
23 expressly stated as follows: "Failure to amend the petition and state a proper respondent will result in
24 a recommendation that the petition be dismissed for lack of jurisdiction." (Doc. 21, p. 3).  Thus,
25 Petitioner had adequate warning that dismissal would result from his noncompliance with the
26 Court's order.
27 ///
28 ///

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss (Doc. 24), be GRANTED; and

2. That the habeas corpus Petition (Doc. 1) be DISMISSED for Petitioner's failure to comply with the order of the Court and for lack of personal jurisdiction.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 29, 2008**                                    /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE