UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEJANDRO GOMEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | 1:05-cv-00652-LJO-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 43) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 4, 2005. (Doc. 1).

On February 28, 2007, in the process of preliminary screening, the Court recognized that a jurisdictional issue was created by Petitioner's naming "The People of the State of California" as the Respondent in this action. Accordingly, the Court issued an order advising Petitioner of the above-mentioned defect in personal jurisdiction and ordering Petitioner to remedy that defect by submitting a motion within thirty days to amend the petition by naming a proper respondent over whom the Court had jurisdiction. (Doc. 21). Petitioner never responded to the Court's order.

On April 27, 2007, Respondent filed a motion to dismiss the petition, contending that

1

Petitioner had failed to follow the Court's order to file a motion to amend the named respondent and that therefore the Court lacked jurisdiction to proceed. (Doc. 24). Despite being on notice as to Respondent's motion to dismiss, Petitioner never complied with the Court's order of February 28, 2007 by moving to amend the petition. Accordingly, on January 30, 2008, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. 34). Petitioner timely filed his objections to the Findings and Recommendations, arguing that he was ignorant of the law, was without counsel, and had limited access to the prison law library, but Petitioner did not seek to name the proper Respondent. (Doc. 35). On March 12, 2008, the District Judge adopted the Findings and Recommendations and entered judgment. (Docs. 40 & 41).

On March 23, 2009, over a year after judgment was entered and the petition was dismissed, Petitioner filed the instant motion for relief from judgment. (Doc. 43). In that motion, Petitioner contends that under Federal Rule of Civil Procedure 60(b), he should be granted reconsideration because of excusable neglect, because he is uneducated in the law and suffers from Attention Deficit Disorder ("ADA"). (Doc. 43). On May 20, 2009, Respondent filed an opposition to the motion. (Doc. 49). On June 16, 2009, Petitioner filed his reply to Respondent's opposition. (Doc. 52).

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set

forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

At the outset, the Court agrees with Respondent that, as to grounds based on Rule 60(b)(1), (2), and (3), the motion is untimely and must therefore be denied.  As Respondent correctly notes, Rule 60(c)(1) expressly provides that any motion for relief based on the grounds enumerated in Rule 60(b)(1), (2), or (3) must be made no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

Here, entry of judgment occurred on March 12, 2008. (Doc. 41). Petitioner did not file the instant motion for reconsideration until March 23, 2009, over one year after entry of judgment. (Doc. 43). Even assuming, arguendo, that the "mailbox rule" applies to this situation, Petitioner did not sign the document, thus invoking the "mailbox rule," until March 17, 2009, five days after the one-year period would have expired. Accordingly, to the extent that Petitioner's motion for reconsideration is based upon Rule 60(b)(1), (2), and (3), it is untimely and must be dismissed for that reason.[1]

However, even were that not true, the Court denies the motion on its merits as to grounds premised on Rule 60(b)(1), (2), and (3). In the present case, the Court finds Petitioner has presented no new or different facts or circumstances from those that existed at the time he filed his objections to the Magistrate Judge's Findings and Recommendations. In his motion for reconsideration, Petitioner argues that he did not learn of the Rule 60 procedures until February 24, 2009. (Doc. 43, p. 4). He also contends that he suffers from ADA. (Id.).[2]

Regarding Petitioner's ADA claim, Petitioner provides no evidence of his purported mental condition apart from his unsubstantiated and self-serving allegation. Regarding Petitioner's claims

---

[1] The only portion of Petitioner's motion not barred by the one-year limitation is that portion of the motion based upon Rule 60(b)(6).  For the reasons discussed infra, the Court denies the motion as premised on subsection (b)(6) on its merits.

[2] Petitioner also argues his entitlement to "equitable tolling." (Doc. 43, pp. 10-13). However, equitable tolling is an issue relating to a Court's analysis of whether a petition has been timely filed under the one-year statute of limitations contained in 28 U.S.C. § 2244. It has no relevant to a Rule 60 motion, and, to the Court's knowledge, has never been applied to the one-year limitation contained in the Federal Rules of Civil Procedure for the filing of Rule 60(b) motions. Accordingly, the Court disregards Petitioner's argument concerning equitable tolling.

3

of lack of access to the prison law library and his lack of skill in the law, the Court notes that, from the Court's original order to amend the caption issued on February 28, 2007, until the issuance of the Court's Findings and Recommendations to grant the motion to dismiss on January 30, 2008, Petitioner was able to file one request for an extension of time (Doc. 23), one request to proceed in forma pauperis (Doc. 27), and two motions for appointment of counsel.  (Docs. 28 & 32).  In its original order to amend the caption, the Court explained to Petitioner the correct name of the proper individual to be named in the petition, i.e., Warden William Sullivan, and also explained that Petitioner need not file an amended petition but only need file a brief motion requesting that Sullivan's name be substituted for the original respondent.  (Doc. 21, p. 2).  Petitioner did not need access to the law library, or to legal research resources, in order to comply with this simple order. The name and procedure had been provided to him; all he had to do was file a simple, one-paragraph motion.  Yet despite filing various other motions during this almost one-year period between the issuance of the motion to amend and the Findings and Recommendations, Petitioner never chose to comply with the Court's order regarding naming the proper Respondent.  Accordingly, the Court finds Petitioner's claims of lack of legal education, lack of access to the law library, and his mental disability to be insufficient to meet the requirements of Rule 60.  Schussler v. Webster, 2009 Lexis 19530, *16 (S.D. Cal. Mar. 9, 2009)(a pro se party not entitled to relief under Rule 60(b)(1) merely because he lacked training to properly defend case on merits).

To the extent that Petitioner's motion claims "newly discovered evidence" under Rule 60(b)(2), the Court also denies the motion.  To prevail under that subsection, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case."  Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th cir. 1990), quoting Coastal Transfer Co. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987).

In his motion for relief from judgment, Petitioner does not identify the newly discovered evidence, merely stating instead that had judgment not been entered, he would have been able to present it to the Court. (Doc. 43, p. 6).  Respondent's opposition notes this lack of specificity.  (Doc. 49, p. 5).  Accordingly, in Petitioner's reply, he presents several pages of argument regarding this

newly discovered evidence. (Doc. 52, pp. 10-17). Some of the purported "facts" are nothing more than arguments regarding the relative strength or weakness of evidence presented at trial. For example, Petitioner notes that the victim suffered two knife wounds, the second of which pierced the heart and was fatal. However, Petitioner contends that he left the scene after inflicting the first, non-fatal knife wound and that the second stab wound "cannot be accounted for." (Doc. 52, p. 12). Later, Petitioner suggests that his co-defendant, Greg Castro, who pleaded guilty to voluntary manslaughter, was responsible for the second, and fatal, wound. (Id. at p. 13). Similarly, Petitioner notes that the police report refers to an "altercation" between Petitioner and the victim, yet Petitioner's claim of self-defense was rejected. (Id. at p. 14). Clearly, such circumstances are not "newly discovered evidence," but rather arguments Petitioner could have raised at trial based on evidence already presented to the jury.

More serious, however, is Petitioner's claim that the prosecution coerced witnesses into testifying against him. (Doc. 52, pp. 14). Petitioner claims that witnesses were threatened with criminal prosecution if they did not testify, that police "fabricated" evidence, and that he did not become aware of this information "until present." (Doc. 52, p. 15).

Although such evidence may appear, superficially, to meet the Rule 60(b)(2) standard, Petitioner has not explained when he came into possession of this "newly discovered" information, nor who provided it to him, nor what efforts he had made to discover this evidence previously. Also, the "new" facts are presented so generically that it is impossible for the Court to assess whether, if presented at trial, they would have had any legitimate bearing on the outcome.

Undoubtedly, if Petitioner's claim of self-defense is correct, then he was well aware at trial that this "new" evidence actually existed, but was not being presented in his defense. Thus, the only "new" aspect to this evidence, it would appear, is Petitioner's claim that the witnesses who could have testified to these matters at trial but did not, are now prepared to do so. However, as mentioned previously, Petitioner has failed to set forth any specific facts regarding who these witnesses are, how he knows they will testify, and what, precisely, they will testify about. Without such information, the Court would merely be speculating about whether the "newly discovered evidence" could have been discovered previously with the exercise of due diligence or, if not,

whether such evidence would actually have had an impact on the outcome of the trial.  Therefore, the Court rejects Petitioner's motion to the extent it relies upon a claim of "newly discovered evidence."

To the extent that Petitioner claims fraud under Rule 60(b)(3), the Court also rejects that claim on the merits for the same reasons.  To prevail under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complaint of prevented the moving party from fully and fairly presenting the case.  Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).  Petitioner's "fraud" claim is based upon the same argument as his "newly discovered evidence" claim, i.e., that police intimidated witnesses and fabricated evidence, thus committing a fraud on the legal system.  As discussed above, Petitioner's "evidence" is so generic and lacking in specific details that it falls far short of Rule 60(b)(3)'s "clear and convincing" requirement.

Finally, Petitioner claims that Rule 60(b)(6)'s "catchall" category also applies.  As discussed above, this is the only basis under Rule 60(b) that is not foreclosed by the Court's preliminary determination that the motion was filed over one year after judgment was entered, thus barring claims under Rule 60(b)(1), (2), and (3).  This category, however, is reserved for extraordinary circumstances and applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  Community. Dental Services v. Tani, 282 F.3d 1164, 1168, n. 8 (9th Cir. 2002); Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986).  "[T]he clause is reserved for 'extraordinary circumstances.'"  Id.  Hence, relief under this subsection is used sparingly, and generally requires a showing of actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect his or her interests.  Lehman, 154 F.3d at 1017; United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  Neglect or lack of diligence is not to be remedies through Rule 60(b)(6).  Lehman, 154 F.3d at 1017; United States v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir. 1994).

Here, it is not clear what additional bases for relief Petitioner believes fall within the ambit of

6

1 Rule 60(b)(6), that did not fall within the ambit of other subsections of Rule 60(b) that are time-
2 barred by the one-year rule.  To the extent that the grounds raised for 60(b)(6) are co-extensive with
3 those raised under other subsections, they are inappropriate bases under this subsection. <u>Lehman</u>, 154
4 F.3d at 1017.   To the extent that other bases exist for proceeding under Rule 60(b)(6), i.e.,
5 extraordinary circumstances other than those discussed under other subsections of Rule 60(b),
6 Petitioner has failed to articulate those grounds with sufficient specificity for the Court to address
7 them within the context of this motion for relief from judgment.

## **ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for relief from judgment (Doc. 43), is DENIED.

IT IS SO ORDERED.

**Dated:     January 22, 2010**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE